IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR394 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ANGELA LYNN WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 96).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On April 5, 2012, the Eighth Circuit Court of Appeals affirmed the Judgment of this Court in White's case. White did not file a petition for a writ of certiorari; her deadline for doing so was July 5, 2012. S. Ct. R. 13 & 29.2. Because a petition for certiorari was not filed, White's conviction became final on July 5, 2012. Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." Therefore, the one-year period in this case ran on July 5, 2012. *United States v. Martin,* 408 F.3d 1089, 1090-91 (8th Cir. 2005); *Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999) (in the context of 28 U.S.C. § 2244). White's § 2255

motion was placed in the prison mail system on August 9, 2013, more than one month after her filing deadline. (Filing No. 96, at 3.) Therefore, her motion is untimely.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 96);

2. Upon initial review, the Court summarily denies the Defendant's § 2255 motion (Filing No. 96) as untimely;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 21st day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge